IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBREY WALKER, suing by her niece and next friend, TAMMY KADAR, : : : : : Plaintiff, : : v. : : CITY OF COVINGTON, GEORGIA : : : Defendant. : | CIVIL ACTION NO. 1:14-CV-1648-LMM |

## ORDER

### I. Factual Background

Plaintiff Debrey Walker, by her niece and next friend Tammy Kadar ("Kadar"), filed suit against Defendant City of Covington ("Covington") on May 29, 2014, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and Plaintiff's "right to be free from excessive force and from cruel and unusual punishment under the 14th amendment." Dkt. No. [1] at 7, 9.

The complaint was signed by attorney Andrew Y. Coffman. While representing Plaintiff, Coffman also submitted the following to the Court on Plaintiff's behalf: Plaintiff's Consent Motion to Extend Time to Respond to Defendant Newton County's Motion to Dismiss [8], Plaintiff's Consent to Defendant Newton County's Motion to Dismiss [10], Joint Preliminary Report and Discovery Plan [11], Joint Certificate of Interested Persons and Corporate

Disclosure Statement [16], Two Certificates of Service of Discovery Material [21] and [23], and Joint Motion to Extend Discovery Deadline and Deadline to File Dispositive Motions [24]. On March 9, 2015, Coffman filed a Notice of Withdrawal [27] with Kadar's consent on behalf of Plaintiff, leaving Plaintiff without counsel. No other counsel has entered an appearance on Plaintiff's behalf.

**II.   Analysis**

The complaint asserts Kadar is the "legal guardian of Debrey Walker." Dkt. No. [1] at 1. Kadar also affirmed in the Certificate of Consent she signed when Coffman withdrew as counsel that she had power of attorney for Plaintiff, and signed the document with the designation "POA" after her name. Dkt. No. [27] at 2. Federal Rule of Civil Procedure 17(c) does allow a "general guardian" to "sue or defend on behalf of a[n] . . . incompetent person."

Despite Kadar's power of attorney, Kadar cannot represent Plaintiff because she is not entitled to represent anyone but herself *pro se*. 28 U.S.C.A. § 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This statute only authorizes Kadar to represent herself—a power of attorney does not change this. See Jacox v. Dep't of Def., No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a

pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney."); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves.") (quoting Turner v. American Bar Ass'n, 407 F. Supp. 451, 477 (N.D. Tex. 1975)). Therefore, under § 1654, Kadar is not entitled to represent Plaintiff.

The Complaint contends that Plaintiff is "unable to care for herself" and "suffers from a mental disability which results in dementia and other serious medical conditions and symptoms," suggesting Plaintiff may not be legally competent to file suit on her own behalf. Dkt. No. [1] at 3, 2. But this does not entitle Kadar to represent Plaintiff either. While the 11th Circuit has not dealt with the particular issue of *pro se* representation of an incompetent adult, it has previously held that a parent may not represent a minor child *pro se*. See Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008) ("[W]hile individuals have the right to proceed *pro se*, 28 U.S.C. § 1654 . . . and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child . . . a non-lawyer parent has no right to *represent* a child in an action in the child's name."). The Second Circuit has also held that a parent may not represent a minor child *pro* se and stated "[t]hese principles apply equally with respect to non-attorneys' attempts to bring suit on behalf of adults who are not competent to handle their own affairs." Berrios v. N.Y.C. Housing Authority, 564 F.3d. 130, 133 (2d Cir. 2009). This Court finds the Second Circuit's

conclusions persuasive and finds Kadar may not represent Plaintiff, regardless of her relationship to her.

This Court also agrees with the Second Circuit's conclusion that "[w]hat the court may not properly do, however, is make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented." Id. at 134. As such, this court does not reach a ruling on the merits of Defendant's Motion for Summary Judgment [28].

### III. Conclusion

Accordingly, this case is **DISMISSED** without prejudice. If Plaintiff obtains counsel or wishes to proceed *pro se*, she may move to reopen the case.

**IT IS SO ORDERED** this 22nd day of June, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE